Jahja LIEMAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71840.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Law Offices of Eugene C. Wong, P.C., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Margot L. Nadel, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Jahja Lieman, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's opinion denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Taha v. Ashcroft*, 362 F.3d 623, 626 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Lieman failed to establish a well-founded fear of future persecution on account of his Chinese ethnicity or Christian beliefs because a large number of his similarly-situated family members reside in Indonesia without incident. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996); *see also Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998) (recognizing that general lawlessness and violence without an appreciably different risk to the peti-

** This disposition is not appropriate for publication and may not be cited to or by the

tioner is not enough to support a claim of asylum).

Lieman therefore necessarily failed to meet the more stringent evidentiary standard required for withholding of removal. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000).

Substantial evidence also supports the IJ's conclusion that Lieman is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured upon return to Indonesia. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Lieman's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.